```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
RENE FIGUEROA,

                Petitioner,            MEMORANDUM & ORDER
                                       11-CV-262 (JS)
        -against-

MICHAEL SPOSATO,

                Respondent.
-------------------------------------X
APPEARANCES:
For Petitioner:    Rene Figueroa, pro se
                   Prisoner No. 10009861
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Respondent:    No appearances.
```

SEYBERT, District Judge:

Rene Figueroa, pro se, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Figueroa's Petition, the Court sua sponte DISMISSES IT WITHOUT PREJUDICE.

BACKGROUND

On November 8, 2010, Mr. Figueroa alleges that he entered a cab outside his girlfriend's residence, when a police officer passed by. (Pet. at 1.) Mr. Figueroa claims that the officer pulled him out of the cab, asked him where he was coming from, and asked him to produce identification. (Id.) Upon complying with the officer's requests, Mr. Figueroa alleges that the officer ordered him to turn around and then handcuffed him.

Mr. Figueroa then alleges that the officer searched through his pockets, while another officer searched a book bag that Mr. Figueroa had in the back seat of the cab. (Id. at 2.) Upon finding "stuff" in the book bag, the officers placed him under arrest. (Id.) Mr. Figueroa contends that this arrest was without probable cause.

Mr. Figueroa has been charged with numerous state crimes. (Id.) Mr. Figueroa does not allege that he has been convicted. Nor does Mr. Figueroa allege that he has ever presented his Constitutional claims to any state court.

DISCUSSION

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Additionally, the petitioner must "fairly present[]" these claims in the state court, without procedurally defaulting on them. Id.

Here, Mr. Figueroa does not allege that he asserted his Constitutional claims in state court, or otherwise exhausted available state court remedies. And, given that Mr. Figueroa was arrested less than three months ago, it is extremely

2

unlikely that he has done so.  Consequently, Mr. Figueroa fails to plead a § 2254 habeas claim, and the Court must sua sponte dismiss it on that basis.  See Nash v. Evans, 10-CV-0361, 2010 WL 1423196, at *2 (N.D.N.Y. April 9, 2010).

Mr. Figueroa may re-file his claim once he fully exhausts it in state court.  But, for now, this case is DISMISSED WITHOUT PREJUDICE, and the Court will not issue a Certificate of Appealability.  The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    January  28 , 2011
          Central Islip, New York